BRISCOE, Circuit Judge,
concurring and dissenting.
I concur in part and dissent in part. Although I agree with the resolution of most of the claims at issue, I write separately to express my disagreement with the majority’s decision to reverse and remand plaintiffs cruel and unusual punishment claim, and plaintiffs incitement to violence claim.
Cruel and unusual punishment
Plaintiff alleges he was subjected to cruel and unusual punishment when he was struck in the neck with a milk carton thrown by defendant Davis. Although the district court dismissed this claim on the grounds that it was an “isolated event” that resulted in “no markings or other signs of trauma when plaintiff was examined [by medical personnel] shortly afterward,” R. Doc. 9 at 5, the majority reverses that ruling and remands for further proceedings. According to the majority, the fact that plaintiff did not suffer any “permanent or significant injury” is irrelevant. Maj. Op. at 744. Instead, the majority states, “the ultimate constitutional inquiry is whether an unnecessary and wanton infliction of pain has occurred.” Id. The majority directs the district court on remand to obtain a Martinez report to “discernf] whether guard Davis intended to hit plaintiff or whether he accidently hit plaintiff while attempting to throw the milk carton to someone else.” Id.
*748 In my view, it is unnecessary to decide whether defendant Davis intended to hit plaintiff with the milk carton. Even assuming that he did (and I certainly do not condone Davis’ conduct if that is the case), I agree with the district court that it was, at most, a “de minimis” application of force that does not rise to the level of an Eighth Amendment violation. See Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (emphasizing that the Eighth Amendment prohibition against cruel and unusual punishment “necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort ‘repugnant to the conscience of mankind’ ”) (citation and internal quotations omitted); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir.1992) (same).
Incitement to violence
Plaintiff alleged that four inmates, at the urging of defendant Davis, confronted and threatened to kill him for complaining about the milk carton incident. The district court dismissed the claim “[b]ecause the record reflected the plaintiff was placed in segregation and not injured by [the] other inmates.” R. Doc. 9 at 7. The majority, however, reverses and remands the claim for further proceedings. In doing so, the majority states that if plaintiffs allegations are true he “would be able to establish that ... Davis intended to seriously harm him by inciting inmates to beat him, thereby stating a violation of the Eighth Amendment.” Maj. Op. at 16.
I disagree. First and foremost, I am not convinced that plaintiffs allegations, even if true, demonstrate that he was subjected to a “substantial risk of serious harm.” Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As the district court recognized, plaintiffs own pleadings allege that he was promptly placed into segregation after notifying prison officials about the incident and there is no indication he was thereafter subjected to threats of violence by the four inmates. Second, it is unclear to me what type of relief plaintiff would be entitled to even if he were allowed to proceed on the claim. Plaintiff is no longer housed at the Wyandotte County Jail and therefore has no legitimate claims for declaratory or injunctive relief. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir.1997) (concluding that a prisoner’s transfer or release from a jail moots his claims for declaratory relief). Further, plaintiff has not alleged any physical injury resulting from the confrontation with the four inmates. In light of 42 U.S.C. § 1997e(e), that leaves him with little more than a claim for nominal damages against defendant Davis. See Searles v. Van Bebber, 251 F.3d 869, 876, 878 (10th Cir.2001) (concluding that § 1997e(e) limits an inmate’s ability to recover for mental or emotional injuries, but does not bar recovery of nominal damages).